IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DORSEY, | |
| Plaintiff, | Case No. 25-cv-3017 |
| v. | |
| Chicago Police Officers FRANCISCO CASTELAN, EDUARDO CAMILO JR., UMER KHAN, Star # 16971, and CITY OF CHICAGO, a Municipal Corporation, | *Jury Trial Demanded.* |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, TIMOTHY DORSEY, by and through his attorney, LAW OFFICE OF JORDAN MARSH LLC, complaining of the Defendants, Chicago Police Officers FRANCISCO CASTELAN, EDUARDO CAMILO JR., UMER KHAN, Star # 16971, and CITY OF CHICAGO, and states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

1

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4. At all times relevant herein, Plaintiff TIMOTHY DORSEY (hereinafter "Tim") was a resident of Wisconsin. Tim is black.

5. Defendants CASTELAN, CAMILO JR., and KHAN ("Defendant Officers") are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant, CITY OF CHICAGO, is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants CASTELAN, CAMILO JR., and KHAN.

## FACTS

7. On June 23, 2024, Tim was driving his new car, a Maserati, in the vicinity of 3830 N. Kilpatrick Avenue in Chicago, when he was pulled over by Defendant Officers.

8. Defendant Officers claimed they pulled Tim over because his rear temporary license plate was not clearly displayed.

9. Tim's rear plate was clearly displayed.

10. Defendant Camilo requested Tim's driver's license and insurance information, which he provided.

11. Defendant Camilo asked Tim if there were any weapons in the car.

12. Tim indicated that he had a weapon in the car.

13. Tim provided Defendant Camilo with his Concealed Carry license from Wisconsin.

14. Defendant Officers searched Tim's car.

15. There was no legal basis to search Tim's car.

16. Defendants Camilo and Castelan went into their vehicle and discussed whether they wanted to arrest Tim.

17. They decided that they wanted to arrest Tim.

18. Camilo explained to Tim that under Illinois law, he could not stop in Illinois with his weapon – he had to drive straight through and use the highways.

19. This was false.

20. Defendant Officers arrested Tim and took him to the 17th District for processing.

21. At the station, one or more Defendant Officers requested felony charges for Tim.

22. Defendant Officers charged Tim with Aggravated Unlawful Use of a Weapon, a Class 4 Felony.

23. Specifically, Defendant Officers charged Tim with violating 720 ILCS 5/24-1.6 (a)(1), which was held unconstitutional by the Seventh Circuit in 2012 (*Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012)), and by the Illinois Supreme Court in 2013 (*People v. Aguilar,* 2 N.E.3d 321, 328 (2013)).

24. In fact, the Illinois Concealed Carry Act specifically allows a nonresident to "transport[] a concealed firearm within his or her vehicle in Illinois, if the concealed firearm remains within his or her vehicle" and if he is otherwise not prohibited by federal law from owning or possessing a firearm, possesses a concealed carry license under the laws of his own state, and does not possess an Illinois concealed carry license. 420 ILCS 66/40(e)(1)-(3).

25. There is no requirement – and there was no requirement on the date in question – that a nonresident with a CCL must pass through the state without stopping and must take only highways.

26. After being processed at the 17th District, Tim was transferred to another lockup where he spent the night.

27. The next morning, Tim was transported to Bond Court, where he did not see a judge until the afternoon.

28. Tim was eventually released from custody around 12:30 a.m. on June 25th.

29. Tim faced Felony charges until September 2024, when the charges were dismissed in his favor and in a manner indicative of his innocence.

30. Tim was forced to hire an attorney and incur expenses for his legal defense.

4

31. Tim was forced to contemplate spending several years in prison while the false and baseless charges against him were pending.

32. When Tim went before a judge to get his impound fees reimbursed, the judge informed the arresting officers that they had taken Tim's car unlawfully.

## COUNT I – FEDERAL CLAIM
## UNLAWFUL DETENTION
## DEFENDANT OFFICERS

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. Defendants Officers caused Tim to be detained without reasonable suspicion or probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

35. Alternatively, Defendant Officers detained Tim for an unnecessary and unreasonable amount of time under the circumstances.

36. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

## COUNT II – FEDERAL CLAIM
## ILLEGAL SEARCH
## DEFENDANT OFFICERS

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Defendant Officers searched Tim's car without a warrant, without legal process, without his consent, and without probable cause or reasonable suspicion to believe the car contained evidence of a crime, in violation of the Fourth Amendment to the U.S. Constitution.

5

39. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

## COUNT III – FEDERAL CLAIM
## ILLEGAL SEIZURE
## DEFENDANT OFFICERS

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. Defendant Officers impounded Tim's car without a warrant, without legal process, without his consent, and without probable cause or reasonable suspicion to believe the car was involved in or used for criminal activity, in violation of the Fourth Amendment to the U.S. Constitution.

42. As a result, Tim was forced to spend several days dealing with the City's bureaucracy to get his car released and to obtain reimbursement for the impound fees.

43. As a proximate result of Defendants' misconduct Tim suffered inconvenience, aggravation, and anxiety.

## COUNT IV – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANT OFFICERS

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. Defendants arrested Tim without probable cause or a valid warrant, violating his rights under the Fourth Amendment to the U.S. Constitution.

46. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

## COUNT V – FEDERAL CLAIM
## MALICIOUS PROSECUTION
## DEFENDANT OFFICERS

6

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

48. Defendants initiated and continued criminal charges against Tim without probable cause and with malice, in violation of the Fourth Amendment to the U.S. Constitution.

49. Defendants accused Tim of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Tim without any probable cause for doing so, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

50. The criminal case against Tim terminated in a manner favorable to Tim and indicative of his innocence.

51. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

**COUNT VI -STATE CLAIM**
**MALICIOUS PROSECUTION**
**DEFENDANT OFFICERS**

52. Each paragraph of this Complaint is incorporated as if restated fully herein.

53. Defendants, acting under color of law, initiated and continued criminal proceedings against Tim with malice and without probable cause.

54. The criminal case against Tim terminated in a manner favorable to Tim and indicative of his innocence.

55. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

**COUNT VII – STATE CLAIM**
**FALSE ARREST/WRONGFUL IMPRISONMENT**
**ALL DEFENDANTS**

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. Defendant Officers, and CITY OF CHICAGO, by and through its agents, Defendant Officers, restrained and/or arrested Tim without having reasonable grounds to believe he had committed any crime or offense.

58. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

## COUNT VIII – STATE CLAIM
## BATTERY
## ALL DEFENDANTS

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. Defendant Officers, and CITY OF CHICAGO, by and through its agents, Defendant Officers, made contact with Tim of an insulting or provoking nature without his consent or legal justification, thereby committing a battery.

61. As a proximate result of Defendants' misconduct, Tim suffered loss of liberty, fear, mental anguish, humiliation, emotional pain and suffering, and incurred significant expenses.

## COUNT IX – STATE CLAIM
## INDEMNIFICATION
## DEFENDANT CITY OF CHICAGO

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. At all relevant times, CITY OF CHICAGO was the employer of Defendant Officers.

64. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

65. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

66. Should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff TIM DORSEY demands, pursuant to Illinois law, that their employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against Defendant Officers, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

### PRAYER FOR RELIEF (ALL COUNTS)

For the foregoing reasons, the Plaintiff TIMOTHY DORSEY prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

### JURY DEMAND

The Plaintiff TIMOTHY DORSEY requests a trial by jury.

Respectfully submitted,
TIMOTHY DORSEY

/s/ Jordan Marsh
*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
5 Revere Drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com